HENRY L. BODFISH *vs.* THE BOSTON BRIDGE WORKS, INCORPORATED.

Second Judicial District, Norwich, October Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An assessment of damages for personal injuries is a matter peculiarly within the province of the jury.

In the present case the jury awarded $3,000 to a civil engineer for a blow upon the head, which not only prevented him from doing any work for a month but had also, down to the time of trial, caused him to suffer periodical headaches and nausea which seriously impaired his mental efficiency, and had left the question of his future improvement or ultimate recovery in the realm of doubt and uncertainty. *Held* that the sum awarded was not excessive and that the trial court was amply justified in accepting the verdict.

Argued October 20th—decided December 2d, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New London County and tried to the jury before *Reed, J.;* verdict

and judgment for the plaintiff for $3,000, and appeal by the defendant. *No error.*

*Herbert Knox Smith* and *Edward T. Canfield,* for the appellant (defendant).

*Seth W. Baldwin,* for the appellee (plaintiff).

PER CURIAM. The only error assigned is the refusal of the trial court to set aside the verdict as being against the evidence and excessive in amount and grant a new trial. Upon the argument before us the only claim urged in support of the assignment was that the verdict was excessive.

The plaintiff was employed by the New York, New Haven and Hartford Railroad Company as a civil engineer at a salary of $155 per month. The injury which he suffered was occasioned by a blow on the head from a sledge-hammer which fell upon him from an overhead bridge in the process of construction by the defendant.

The testimony on his behalf was to the effect that he suffered, as a consequence of the blow thus received, not only loss of working capacity for about a month, together with the pain and suffering he then endured, but also continuing periodical headaches and nausea, incapacitating him from doing his work, and loss of memory seriously interfering with his mental efficiency and the inability to devote himself to sustained mental effort, all of which conditions had continued until the time of the trial.

Two medical experts who had examined him testified that his condition and the symptoms which their tests disclosed indicated that he had suffered a serious brain lesion, which apparently had not improved in the ten months which had succeeded the injury, and very

likely would be heard from in more serious ways in the future than in the past. Both testified that while he might recover his normal condition, they doubted if he would ever be mentally the same as before. One of them, while conceding that the future history of the case was uncertain and that there might be recovery, was especially emphatic in his expression of opinion, not only that the injury to the brain was permanent and that former mental efficiency would never be restored, but also that the indications were that the injury was a progressive one.

No one of the three physicians called by the defendant ventured to predict recovery. All confined themselves to saying that, while the future was not free from danger, there was ground for hope. They located the plaintiff's prospects of being restored to the normal, in the region of the problematical, and carefully refrained from a more comforting prognosis.

The assessment of the damages suffered by the plaintiff was a matter peculiarly within the province of the jury, and the trial judge was amply justified in accepting the award it made and denying the motion.

There is no error.